**Efren ESCOBEDO, Petitioner— Appellant,**

**v.**

**Joe MCGRATH, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 05–55329.

United States Court of Appeals, Ninth Circuit.

Submitted July 27, 2006.*

Decided Aug. 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Efren Escobedo, Crescent City, CA, pro se.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Petitioner—Appellant.

Deborah J. Chuang, Jennifer Anne Jadovitz, DAG, Office of the California Attorney General, Los Angeles, CA, for Respondents—Appellees.

Before: GIBSON,[**] RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM [***]

Efren Escobedo appeals from the district court's denial and dismissal of his petition for habeas corpus. We affirm.

[**] The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

■ The only argument presented to us by Escobedo was not presented to the district court, so we are unable to consider it. Claims not raised before the district court in the habeas petition are not cognizable on appeal. *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994). In his brief to us Escobedo argued that the trial court erred in instructing the jury by failing to define "force" accurately. In the district court Escobedo asserted that the jury instructions were deficient for a different reason, specifically that the trial court failed to instruct the jury that the prosecution had the burden of proving beyond a reasonable doubt that Deputy Nix did not use excessive force. The argument presented to us is legally distinct from that made to the district court.

■ Moreover, if we could reach Escobedo's argument, it would fail on the merits. There is no dispute that Escobedo resisted arrest with "force" under any sensible meaning of that term. Escobedo's own brief acknowledges that he and Deputy Nix physically fought each other in "a wrestling match that was described by the California Court of Appeal as an 'extremely aggressive battle,'" and goes on to describe the encounter as "a sustained struggle." Escobedo does not challenge these facts, so his subsequent complaint that the jury might have understood "touching" to be sufficient to constitute "force" makes no difference in the context of this case, because Escobedo did not merely "touch" Nix.

■ What that leaves is his assertion that his use of force was reasonable in resisting unreasonable force applied by Deputy Nix, and that the jury was not

properly advised as to the definition of "reasonable force." But Escobedo never establishes what was unclear about the meaning of "reasonable force." On direct appeal, the California Court of Appeal concluded that "reasonable force" is a commonly understood term and that the trial court did not have an obligation sua sponte to give an instruction on a commonly understood term. Escobedo says nothing to dispute that conclusion. That conclusion was not contrary to or unreasonable under clearly established federal law, the standard under 28 U.S.C. § 2254(d).

█ Moreover, to merit federal habeas relief, deficiencies in jury instructions must violate a constitutional right. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642–43, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). A defective jury instruction violates a constitutional right only if the complete "instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quotations omitted). This is an "especially heavy" burden for the petitioner to prove where the petitioner challenges an omission or incomplete instruction, rather than an erroneous instruction. *Henderson v. Kibbe*, 431 U.S. 145, 154–55, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Escobedo fails to establish a defect of constitutional magnitude.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.